IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY J. DOANE,                              Civ. No. 05-1184-HO

    Plaintiff,                        ORDER

  v.

Commissioner of Social Security,

    Defendant.

    Plaintiff seeks judicial review of the Commissioner's decision denying his application for disability insurance benefits and supplemental security income.  The finding of administrative law judge (ALJ) Atkins that plaintiff's "polysubstance dependence is a material factor in the decision that he is disabled" due to mental impairments is not supported by substantial evidence.  (Tr. 35).  Evidence of plaintiff's drug-seeking activities cited by ALJ Atkins does not prove that plaintiff's mental impairments would not be disabling if his polysubstance dependence were removed.

Plaintiff contends that it is impossible to differentiate the effects of his physical and mental impairments from the effects of substance dependence, and that the Commissioner's policy directs an award of benefits where, as here, he is found disabled based on substance dependence and other impairments. See e.g. Clark v. Apfel, 98 F. Supp. 2d 1182 (D. Or. 2000) (discussing Social Security Administration's "Emergency Teletype" dated August 30, 1996).  Plaintiff submits a copy of a September 21, 2006 decision by ALJ Harrell finding him disabled since September 26, 2002, based on medical expert testimony that the "C" criteria of Sections 12.02, 12.04, 12.06 and 12.07 of "the Listings" are met regardless of whether or not the effects of drugs and alcohol are included.  Plaintiff argues that this matter should be remanded for an award of benefits based on information already contained in the record, and the recent favorable decision of ALJ Harrell.

Expert medical opinion is needed to determine whether the effects of plaintiff's polysubstance dependence may be differentiated from the effects of other mental impairments for the period prior to September 26, 2002, and if so, whether plaintiff would be disabled prior to that date if the effects of polysubstance dependence were removed.  Accordingly, this matter must be remanded for further proceedings.  On remand, the ALJ shall take the testimony of a medical expert on the

aforementioned issues, further develop the record as he deems appropriate, reconsider all the evidence in light of the medical expert's opinion and any additional evidence, reconsider whether to reopen and revise prior unfavorable determinations, and issue a new decision.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded for further proceedings described herein.

IT IS SO ORDERED.

DATED this   21st   day of December, 2006.


                                                    s/ Michael R. Hogan
                                               United States District Judge